IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11(Involuntary)

GUERRINI FAMILY LIMITED PARTNERSHIP              Case No. 8:06-bk-05383-MGW

      Debtor.
_____/

## MOTION TO HOLD MARY KATHERINE HAIRE
## AND GEOFFREY TODD HODGES IN CONTEMPT

KEYAPAHA COMPANY ("Keyapaha"), by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9026, hereby moves to hold Mary Katherine Haire ("Haire") and Geoffrey Todd Hodges ("Hodges") (collectively the "Contemnors") in contempt. In support thereof, Keyapaha states the following:

Keyapaha filed the involuntary petition in this case on October 4, 2006. Keyapaha served the involuntary petition and summons upon the Debtor in this case on October 4, 2006, by mailing that petition and summons to Hodges, the registered agent for the Debtor. [1] Haire acknowledged receipt of the involuntary petition and summons on October 5, 2006. See Letter from Haire dated October 5, 2006, attached as Exhibit A to Declaration of David E. Hammer, attached hereto as Exhibit 1. Prior to the filing of the involuntary petition, Haire claims to have advanced funds on behalf of the Debtor. For those advances, Haire claimed that the Debtor was obligated to reimburse Haire. On October 10, 2006, Haire, as the individual with ostensible control over the affairs of the Debtor, granted herself an eighty-seven thousand five hundred dollar ($87,500.00) mortgage against the Debtor's real property, to secure her unsecured debt which was incurred prior to the filing of the bankruptcy petition. On October 10, 2006, Haire

---

[1] Hodges is an attorney with offices in Lutz, Florida who has represented Haire for a number of years. In recent months, Haire has paid Hodges from partnership funds, in exchange for legal services Hodges purportedly provided to the partnership.

granted Guerrini Corporation, of which she is the sole shareholder, officer, and director, an eighty thousand dollar ($80,000.00) mortgage against the Debtor's real property, to secure her unsecured debt which was incurred prior to the filing of the bankruptcy petition.[2]   Hodges assisted Haire in obtaining and recording those mortgages.[3]   See Fifth Mortgage and Sixth Mortgage, attached as Exhibits 2 and 3 respectively to Declaration of David Hammer.

Legal Standards

A violator of the automatic stay is subject to the following consequences: the actions taken in violation of the automatic stay are void and without effect, the violator is in contempt of court and subject to a fine, and the violator can be forced to compensate for attorney's fees. Borg-Warner Acceptance Corporation v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982).   The automatic stay is an order which is sufficiently "specific and definite" to serve as the basis for a contempt order.   Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 48 (2d Cir. 1976).   A bankruptcy court has the power to enter a finding of civil contempt and award actual damages for violations of the automatic stay.   In re Muncie, 240 B.R. 725, 727 (Bankr.S.D.Ohio 1999) (citing The Elder-Beerman Stores Corp v. Thomasville Furniture Indus. Inc. (In re The Elder-Beerman Stores Corp.), 179 B.R. 629, 632 (Bankr.S.D.Ohio 1996); Utah State Credit Union v. Skinner (In re Skinner), 90 B.R. 470, 479 (D.Utah 1988), aff'd sub nom Mountain America Credit Union v. Skinner, 917 F.2d 444 (10th Cir. 1990)).

---

[2] John Anthony and Stephenie Biernacki, on behalf of Mary Haire, admit that "[i]mmediately prior to and during the pendency of this case, and during the 'gap period,' Haire has advanced funds and obtained junior liens encumbering the Mansion in the amount of her advances."   The petition was filed on October 4, 2006.   The liens were recorded on October 10, 2006. (Doc. 19).   That sentence was artfully drafted to obscure the fact that Haire has violated the automatic stay by encumbering property of the estate *after* the filing of the petition to secure advances of funds *prior* to the filing of the petition.

[3] While the copies which John Anthony and Stephenie Biernacki attached to the Emergency Motion to Authorize Wachovia Transaction as Exhibits F and G (Doc. 19) conveniently did not have the final markings which were on the document submitted to the County Recorder, copies from the Hillsborough County Clerk show that in the corner of the first page, both mortgages were marked "Prepared by and Return to: G.T. Hodges, P.A., 905 Shaded Water Way, Lutz, FL 33549".   G.T. Hodges, P.A. employs no attorneys other than Hodges; 905 Shaded Water Way, Lutz, FL 33549 is Hodges' home address.

**I.  Haire and Hodges had knowledge of the filing of the involuntary petition.**

In Muncie, the Court held that a creditor had constructive knowledge of the debtor's bankruptcy filing and of the automatic stay, when the creditor failed to open the mail containing the notice of commencement of the debtor's bankruptcy case.  In re Muncie, 240 B.R. at 727 (citing Thacker v. Etter (Matter of Thacker), 24 B.R. 835, 838 (Bankr.S.D.Ohio 1982)).  In Skinner, the court held that a civil contempt citation is only appropriate when the automatic stay has been violated by a party having actual knowledge of the automatic stay.  In re Skinner, 90 B.R. at 479 (citing Matter of Hailey, 621 F.2d 169, 172 (5th Cir. 1980)).

In this case, Haire sent a letter on October 5, 2006, the very first sentence of which is that she "received a summons and involuntary bankruptcy petition filed by Keyapaha Company against Guerrini Family Limited Partnership."[4]  Because the summons and petition were mailed to the care and attention of Hodges as registered agent for the debtor, Haire would not have received it but for Hodges' receipt of the same.  Haire and Hodges cannot then claim ignorance of the bankruptcy case, and encumber the Debtor's real property to secure Haire's pre-petition debt.

---

[4] The letter goes on to say that she "believe[s] the involuntary petition was filed in bad faith, and [she intends] to seek its dismissal."  If any paper was sent in bad faith, it was Haire's letter.  Haire and her lawyers did not seek the dismissal of the involuntary petition; rather, they consented to the jurisdiction of the bankruptcy court.  (Doc. 36).  Further, they waited until after 5:00 p.m. on the last day one could answer a petition to give any indication that they consented to this Court's jurisdiction, after needlessly wasting enormous sums of legal resources pretending to oppose the petition.

**II. The recordation of liens against the Debtor's real property after the filing of the petition to secure debt which existed prior to the filing of the petition is a clear violation of the automatic stay.**

Courts have found that the automatic stay is triggered upon the filing of the involuntary petition, just as upon a filing under Sections 301 and 302. See, e.g., NLT Computer Services Corporation v. Capital Computer Systems, Inc., 755 F.2d 1253, 1258 (6th Cir. 1985) ("In our view, the district court's action short-circuits the orderly procedure for the administration of bankruptcy stays by failing to recognize the legal effect of both the filing of the involuntary bankruptcy proceedings and the issuance of the automatic stay. . . .  The stay provisions of section 362 are automatic and self-operating and those who have knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless and until it is properly lifted."); Matter of Eugene L. Pieper P.C., 202 B.R. 294, 297 (Bankr.D.Neb.1996) (the court held that "[t]he automatic stay is triggered by the act of filing an involuntary petition pursuant to 11 U.S.C. § 303, not by the entry of an order for relief by the court"); In re DiLorenzo, 161 B.R. 752, 754 (Bankr.S.D.N.Y.1993) ("During the gap period, an alleged debtor is afforded different types of protection by the Code. For example, the filing of an involuntary petition creates an estate and the alleged debtor benefits from the protection of the automatic stay"); In re Philgo Realty Co., 185 B.R. 676, 679 (Bankr.E.D.N.Y.1995) ("In the instant case, judgment in the Massachusetts Action was entered subsequent to the filing of the involuntary petition against the Debtor and thus the automatic stay was violated"); Mann v. Marine Bank West ( In re Omni Graphics, Inc.), 119 B.R. 641, 643 (Bankr.E.D.Wis.1990); In re Oxford Dev. Ltd., 115 B.R. 216, 217 (Bankr.W.D.Mo.1990); Rothenberg v. Ralph D. Kaiser Company (In re Rothenberg), 173 B.R. 4, 14 (Bankr.D.D.C.1994).

The automatic stay clearly includes the act by Haire and Hodges of recording liens against the Debtor's real property to secure pre-petition debt.  Under section 362(a)(4) and 362(a)(5), "a petition filed under . . . section 303 of [the Bankruptcy Code] . . . operates as a stay, applicable to all entities, of—(4) any act to create, perfect, or enforce any lien against property of the estate; and (5) any act to create, perfect, or enforce any lien against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title."

The Debtor's real property became property of the estate on October 4, 2006, when the bankruptcy petition was filed.  See Matter of Axona International Credit & Commerce Ltd., 88 B.R. 597 (Bankr.S.D.N.Y. 1988) ("The filing of an involuntary case . . . create[s] an estate within the meaning of § 541 of the Code. . . . In addition, the automatic stay of § 362(a) of the Code ios immediately effective upon the filing of the petition.")  Therefore, because under § 362(a)(4), *any* lien taken against property of the estate violates the automatic stay, Haire and Hodges have violated the automatic stay in contempt of this Court.  Even if the Debtor's real property were not property of the estate on October 10, 2006, the liens taken would be in violation of the prohibition contained in § 362(a)(5), which stays "any act to create, perfect, or enforce any lien against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title."  In any event, this recordation of liens post-petition to secure pre-petition debt is a gross violation of the automatic stay.

### Conclusion

The Contemnors' recordation of two liens against the Debtor's property to secure pre-petition debt is a deliberate violation of the automatic stay.  The Contemnors were aware of the filing of the bankruptcy case some five days prior.  The automatic stay applied immediately after

the filing of the involuntary petition.  This Court has the power to hold the Contemnors in contempt.  Moreover, the Contemnors' actions in violation of the automatic stay are sufficient grounds for contempt.  For all the foregoing reasons, Keyapaha respectfully requests that this Court hold MARY KATHERINE HAIRE and GEOFFREY TODD HODGES in contempt of this Court.

Respectfully submitted,

David E. Hammer, Esq.
Florida Bar No. 23173
DAVID E. HAMMER, P.A.
218 E. Bearss Ave., #360
Tampa, FL 33613-1625
tel (813) 274-4999
fax (800) 967-7340

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed a true and correct copy of the foregoing Motion to Hold Mary Katherine Haire and Geoffrey Todd Hodges with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to John A. Anthony and Stephenie M. Biernacki, GrayRobinson P.A., 201 N. Franklin Street, Suite 2200, Tampa, FL 33602; Michael Horan, Trenam Kemker, Bank of America Tower, 200 Central Avenue, Suite 1600, St. Petersburg, FL 33701; W. Keith Fendrick, Esq., Foley & Lardner LLP, 100 North Tampa Street, Suite 2700, Tampa, FL 33602; Alberto F. Gomez, Esq., Morse & Gomez, 119 South Dakota Avenue, Tampa, FL 33606; Caryl E. Delano, Esq., Addison & Delano, Post Office Box 2175, Tampa, FL 33601; and the Office of the United States Trustee, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, Florida 33602; and served the same by U.S. Mail and facsimile to Geoffrey Todd Hodges, 905 Shaded Water Way, Lutz, Florida 33549.

_David Hammer_

David E. Hammer