Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11(Involuntary)

GUERRINI FAMILY LIMITED PARTNERSHIP          Case No. 8:06-bk-05383-MGW

    Debtor.

_____/

## DECLARATION OF TERRI L. STEFFEN IN SUPPORT OF EMERGENCY MOTION TO VACATE ORDER GRANTING COMPEL MOTION

1. I am over the age of twenty-one and I have personal knowledge of the facts contained herein.

2. On November 28, 2006, my husband gave me a message that Amanda Matthews of GrayRobinson, P.A., had called seeking to schedule a building inspection of the property. I promptly returned the call to Ms. Matthews, who requested that the inspection occur on Thursday, November 30, 2006. I told Ms. Matthews that there were already tours of the property scheduled for that day, and asked Ms. Matthews if one of three days the following week would be acceptable. Ms. Matthews did not answer my question, but instead promised to call back. **At no time did Ms. Matthews mention that she also wanted a buyer to tour the property. At no time did Ms. Matthews say that it was critical that the inspection occur on Thursday, November 30, 2006.** In fact, Ms. Matthews did not even give me a hint that the matter was urgent or an emergency or that the Debtor would take court action of any kind. I was left with the direct and distinct belief and impression that I would receive a call back from Ms. Matthews to tell me which of the three days I proposed would work for the inspectors. Had I been informed that it was critical or important that the inspectors be scheduled for Thursday as opposed to Monday or Tuesday of the following week, I would have scheduled the inspectors for Thursday and cancelled the showings I had previously scheduled.



3. The next telephone call I received regarding this matter was not from Ms. Matthews, but from David Hammer, telling me that there was an Emergency Motion to Compel Compliance with Bidding Procedures Order ("Motion"), which would be heard within the hour. Mr. Hammer asked me to testify, but I told Mr. Hammer I would not be able to attend. Mr. Hammer asked me why the Motion had been filed, and I told Mr. Hammer about my telephone call with Ms. Matthews.

4. When Mr. Hammer told me that the Motion alleged that I had denied access to the residence located at 16229 Villarreal de Avila, Tampa, Florida ("Residence"), I was furious because that statement was the exact opposite of the truth. In fact, I spend much of my time conducting tours through the Residence for prospective purchasers, lenders, appraisers and other representatives of potential purchasers. I would have been happy to have building inspectors come to the Residence. I only wanted to schedule their attendance at a time that would not conflict with previously scheduled tours for prospective purchasers because having prospective purchasers, lenders or appraisers seeing a team of five or six building inspectors is likely to negatively impact the selling process.

5. After Mr. Hammer told me about the Court's rulings on the Motion, I rescheduled the tours which had been scheduled for November 30, 2006. Instead, I used the day to run other errands so that I would be free for further tours on other days.

6. I was not present at the Residence for most of the day on November 30, 2006. When I returned in the late afternoon, Mr. Hammer told me about the incident with the United States Marshals. That evening, I conducted a tour of the Residence for Larry Mobley, who was escorted by Stephanie Biernacki. I was never provided with any information concerning Mr. Mobley's financial capability of purchasing the Residence and, based on my experience, I am doubtful that he

2

is a qualified bidder.

I, Terri L. Steffen, declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of December, 2006, in Tampa, Florida.

Terri L. Steffen

3